Dr. Burton L. Elliott Director, General Education Division Arkansas Department of Education 4 State Capitol Mall Little Rock, AR 72201-1071
Dear Dr. Elliott:
This is in response to your request for an opinion regarding Act 1127 of 1991, which is codified at A.C.A. § 6-18-705 (Cum. Supp. 1991). As you have noted, this law requires school districts to establish school breakfast programs if a certain percentage of students enrolled in the school on October 1, of the preceding school year were eligible for free or reduced-price meals.[1] Your specific question is whether a school is required to have a school breakfast program which is free or at reduced cost to students.
It is my opinion, although there is no express statement of legislative intent under the act, that the legislature intended for the schools to establish a breakfast program at a free or reduced cost to those students who are eligible for such benefits.
This intent can, in my opinion, be gleaned from a reading of the act as a whole. The fact that the act contemplates a "program" that is triggered by the enrollment of a certain percentage of students who were "eligible for free or reduced-price meals" in the preceding school year suggests that the requirement is intended to benefit those students. This intent is further indicated by the waiver provision under subsection (d)(2). This subsection grants a waiver to any high school in which "fifty percent (50%) or more of the eligible students refuse to participate in the school breakfast program during any year of the program. . . ." (Emphasis added.) This provision clearly contemplates the participation of "eligible students," and reveals an intent for the program to benefit those students. If the eligible students do not participate, the requirement is waived. This provision must, in my opinion, be construed to mean that those who meet the criteria to participate as "eligible students" will do so under the breakfast program, i.e., they will receive the meal for free or at a reduced price.
It is also significant to note that any rules and regulations promulgated by the Department of Education for implementation of the act must be ". . . in compliance with federal guidelines." A.C.A. § 6-18-705(c). The criteria for eligibility to receive free or reduced-price meals are set forth under these guidelines.See 7 C.F.R. §§ 245.1-245.3 (1-1-92 ed.). It may reasonably be concluded that the legislature intended to include, in this requirement, these guidelines for providing free or reduced-price meals to eligible students.
In conclusion, therefore, it is my opinion that if the established percentages are met, a school must have a breakfast program which is free or at a reduced cost to those students who are eligible in accordance with federal guidelines.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The initial figure, beginning with the 1991-92 school year, is 40%. The percentage then decreases to 20 beginning with the 1993-94 school year. See A.C.A. § 6-18-705(a) (Cum. Supp. 1991).